**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**WEST VIRGINIA BOARD OF EDUCATION,**
**Defendant Below, Petitioner**

vs.) No. 16-0532 (Mingo County Civil Action No. 15-C-11)

**ZELDA CROAFF,**
**Plaintiff Below, Respondent**

**FILED**
**May 17, 2017**
**released at 3:00 p.m.**
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner, defendant below, the West Virginia Board of Education ("WVBE"), by counsel J. Victor Flanagan, Julie Meeks Greco, and Katie L. Hicklin, appeals from an order entered May 4, 2016, by the Circuit Court of Mingo County. By that order, the circuit court denied the motion to dismiss of the WVBE in the underlying case alleging a cause of action for negligence resulting in personal injury. On appeal to this Court, the WVBE contends that the circuit court erred on multiple grounds. The WVBE raises nine assignments of error that can be distilled as follows: (1) improper venue; (2) lack of duty owed to the plaintiff; (3) workers' compensation-related immunity; (4) sovereign constitutional immunity; and (5) qualified immunity. Respondent, plaintiff below, Zelda Croaff ("Ms. Croaff"), by counsel Brian L. Ooten, Nathan D. Brown, and Joshua S. Ferrell, filed a timely response seeking to have this Court affirm the order of the circuit court.

This Court has considered the parties' briefs, the appendix record designated for our review, the pertinent authorities, and oral argument. We find no new or significant questions of law. However, our *de novo* review compels the conclusion that the circuit court clearly erred in failing to recognize and apply developed principles of law regarding the application of qualified immunity when it denied the WVBE's motion to dismiss. For this reason, this case satisfies the "limited circumstances" requirement and a memorandum decision reversing the decision of the circuit court is appropriate pursuant to Rule 21(d) of the Rules of Appellate Procedure.

On January 15, 2015, Ms. Croaff filed her complaint alleging a workplace injury that occurred on or about October 16, 2014, during the course of her employment as a full-time cook at the Mingo Central High School ("MCHS"). Ms. Croaff was an employee of the Mingo County Board of Education ("MCBE"). Her claim was that she suffered injury from an electric shock after touching the door of a malfunctioning freezer. Initially, Ms. Croaff named Statewide Heating and Air Conditioning Services, Inc. ("Statewide") and the

1

MCBE as defendants. She asserted negligence claims against both Statewide, which allegedly serviced the freezer, and the MCBE for failing to properly inspect, repair, and maintain the freezer in safe condition for use by employees.

Thereafter, on or about March 11, 2015, the Circuit Court of Mingo County entered an agreed order dismissing the MCBE. The basis for the dismissal was MCBE's immunity from the injury claims due to the fact that the claims were covered by workers' compensation. *See* W. Va. Code § 29-12A-5(11) (1986) (Repl. Vol. 2013) (political subdivisions are immune from liability if a loss or claim results from a claim covered by workers' compensation or any employers' liability law).

Subsequently, on August 24, 2015, the circuit court entered an order granting Ms. Croaff's motion for leave to file an amended complaint. The amended complaint substituted the WVBE as a party defendant based on the theory that the WVBE had assumed control of and responsibility for the Mingo County public school system, including MCHS, when it intervened in the school system pursuant to W. Va. Code § 18-2E-5 (2016) (Repl. Vol. 2016), which provides for the process of improving education, establishing education standards, conducting statewide assessments, requiring accountability measures, creating audit systems, establishing school accreditation levels, assigning school system approval levels, and intervening to correct low performance.

In her amended complaint, Ms Croaff asserted that, upon information and belief, the freezer did not properly seal when the door was shut, which caused water and/or ice condensation to accumulate inside the freezer. This condition is alleged to have resulted in the freezer retaining moisture in its chamber and in the area where the electrical panel of the freezer was located. Ms. Croaff further alleged that this condition caused water to come in contact with a "naked" wire inside the freezer's electrical panel. She asserted that this resulted in the freezer door becoming "live" or electrified. Additionally, Ms. Croaff alleged that freezer safety mechanisms for the prevention of a shocking hazard due to water or ice build-up were not properly maintained. According to Ms. Croaff, the build-up of water and ice condensation had been reported to the MCHS principal, other MCHS supervisors, the MCHS maintenance department, and other school employees prior to the time Ms. Croaff was injured. As to the WVBE, Ms. Croaff alleged a duty to provide a safe workplace including a duty to exercise reasonable care to ensure the safety of the freezer. Ms. Croaff claimed the WVBE breached its duty by failing to inspect, repair, and maintain the freezer. In addition to the negligence cause of action against the WVBE, Ms. Croaff pled an "alternative" cause of action sounding in deliberate intent pursuant to W. Va. Code § 23-4-2(d)(2)(ii) (2005) (Repl. Vol. 2010).

The WVBE filed a motion to dismiss pursuant to Rule 12(b) of the W. Va. Rules of Civil Procedure. The motion to dismiss raised the defenses of insufficiency of service of process, improper venue, lack of duty owed, statutory immunity due to the application of workers' compensation, sovereign immunity, and qualified immunity. Upon briefing by the parties, a hearing, and the submission of various proposed orders, the circuit court entered an order denying the motion to dismiss.

The circuit court found that Ms. Croaff successfully accomplished service of process upon the WVBE. As to venue, the circuit court concluded that, given the facts, venue was appropriate in Mingo County where the cause of action arose. Additionally, the circuit court found that the WVBE was not Ms. Croaff's employer and therefore did not enjoy the immunity afforded employers pursuant to the workers' compensation statutes. With respect to the issue of duty owed, the circuit court concluded that, due to its intervention, the WVBE had the authority to hire personnel at MCBE schools and require expenditures of the MCBE be approved by the WVBE. The circuit court reasoned that both matters could relate to the adequate maintenance and repair of the freezer such that Ms. Croaff had adequately pled a duty on the part of the WVBE, either directly or indirectly. As to the deliberate intent count, the circuit court found that Ms. Croaff pled it sufficiently as an alternative cause of action and observed that, should it "trigger," the WVBE could move for summary judgment following the close of discovery. Regarding the defense of sovereign immunity, the circuit court found that Ms. Croaff, by limiting her sought-after recovery under and up to any applicable insurance coverage for the alleged injuries, sufficiently pled her cause of action. The circuit court also rejected the WVBE's assertion that there was no insurance coverage. Finally, the circuit court rejected the WVBE's argument that it enjoyed qualified immunity, finding, among other things, that qualified immunity protects individual government officials rather than State agencies.

We are undertaking to review a denial of a motion to dismiss in a setting raising the issue of qualified immunity. As this Court observed in *Hutchison v. City of Huntington*, 198 W. Va. 139, 479 S.E.2d 649 (1996), "[o]rdinarily, this Court does not entertain nor discuss a denial of a motion for failure to state a claim under Rule 12(b)(6), in that such an order is interlocutory in nature." However, there are special circumstances, such as those raising the issue of official immunity, under which review of the denial of a motion to dismiss is proper. As we stated in *Hutchison*, the State's entitlement to immunity "is an immunity from suit rather than a mere defense to liability," which is "effectively lost if the case is erroneously permitted to go to trial." *Id.*, 198 W. Va. at 147, 479 S.E.2d at 657 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411 (1985)). Thus, we have held that "[a] circuit court's denial of a motion to dismiss that is predicated on qualified immunity is an interlocutory ruling which is subject to immediate appeal under the 'collateral order' doctrine." Syl. pt. 1, *West Virginia Bd. of Educ. v. Marple*,

3

236 W. Va. 654, 783 S.E.2d 75 (2015). Accordingly, the fact that the circuit court's order was not a final order does not preclude our review of this appeal.

Moreover, we review the circuit court's order denying the motion to dismiss *de novo*. Syl. pt. 4, *Ewing v. Board of Educ. of Cnty. of Summers*, 202 W. Va. 228, 503 S.E.2d 541 (1998). "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the complaint." *Collia v. McJunkin*, 178 W. Va. 158, 159, 358 S.E.2d 242, 243 (1987) (citations omitted). In reviewing the sufficiency of a complaint under Rule 12(b)(6), this Court is required to accept the factual allegations as true and to draw all reasonable inferences in the light most favorable to the plaintiff. *John W. Lodge Distrib. Co., Inc. v. Texaco, Inc.*, 161 W. Va. 603, 605, 245 S.E.2d 157, 158-59 (1978). Additionally, dismissal for failure to state a claim is proper only where it is clear beyond doubt that no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint. Syl. pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977). A plaintiff's complaint must "set forth sufficient information to outline the elements of his claim." *Price v. Halstead*, 177 W. Va. 592, 594, 355 S.E.2d 380, 383 (1987). A complaint need not have detailed factual allegations. But, the plaintiff must set forth the basis for entitlement to relief, which requires more than labels, conclusions, and mere recitations of the elements of the causes of action. We have remarked that "sketchy generalizations of a conclusive nature unsupported by operative facts" do not set forth a cause of action. *Fass v. Nowsco Well Serv., Ltd.*, 177 W. Va. 50, 52-53, 350 S.E.2d 562, 563-64 (1986). "In civil actions where immunities are implicated, the trial court must insist on heightened pleading by the plaintiff." *Hutchison*, 198 W. Va. at 149, 479 S.E.2d at 659.

With these standards in mind, we proceed to consider the merits of the parties' arguments and turn our discussion to the question of whether the WVBE is entitled to the protection of qualified immunity. We undertake our analysis of the application of qualified immunity by assuming *arguendo* that, at this stage, Ms. Croaff has adequately alleged that the extent of authority, control, and decision-making exercised by the WVBE in its intervention in the MCBE operations included a general duty to maintain a safe workplace.[1]

---

[1]We observe that in *Workman v. Mingo County Schools*, 667 F. Supp. 2d 679 (S.D. W. Va. 2009), the district court found that the MCBE was entitled to the State's eleventh amendment immunity protection due to the intervention of the WVBE in the operations of Mingo County schools. The district court reasoned that the intervention significantly limited the power of the MCBE and delegated authority to the West Virginia State Superintendent of Schools such that the MCBE had little, to no, right of autonomy and self-control. Additionally, in *B.E. v. Mount Hope High School,* No. 2:11-CV-00679, 2012 WL 3580190

4

With respect to the issue of qualified immunity, the circuit court found, among other things, that it "is a device that protects individual government officials–as opposed to State agencies–from lawsuits for the performance of certain duties during the course of their employment." The WVBE argues that the circuit court erred in concluding that qualified immunity is unavailable to state agencies. It is further asserted by the WVBE that it is immune from simple negligence claims because the relevant insurance contract does not waive qualified immunity, the acts of the purported agents relating to the freezer were discretionary and there has been no allegation of any conduct that violates a clearly established statutory or constitutional law or right.

In contrast, Ms. Croaff argues that qualified immunity is a device that protects only individual governmental officials from lawsuits for performing discretionary duties during the course of their employment. Ms. Croaff contends that qualified immunity protects specifically identified individuals for specific actions such that state agencies have no entitlement to blanket claims of qualified immunity in the absence of specific allegations. Ms. Croaff argues that, since she made no allegations against a specific individual and claimed only a negligent breach of a duty to maintain a safe workplace, there can be no qualified immunity protection for the WVBE. She further asserts that, even if the WVBE is able to claim qualified immunity, the allegations would afford no protection to the WVBE because the duty to maintain a safe workplace is not discretionary but, rather, is mandatory.

We find that the circuit court clearly erred in concluding that qualified immunity is unavailable to state agencies. It is well-settled that West Virginia law provides for a state agency's protection through qualified immunity. This Court has held:

(S.D. W. Va. Aug. 13, 2012), the district court denied, in part, a motion to dismiss the WVBE in a student-on-student rape case in a high school in the Fayette County school system that, like Mingo County, was under intervention by the WVBE. The decision stressed the broad and extensive authority of the WVBE in intervention and focused on its authority with respect to personnel, rules in schools, and control over administrators and principals. We decline to entertain an analysis regarding the nature and scope of the intervention statute as it was carried out in the Mingo County school system during the relevant timeframe. The nature of the allegations would require factual development. Ms. Croaff alleged that WVBE had "taken-over" the MCBE. The WVBE minutes of record reflecting the intervention establish, in part, that the authority of the MCBE was "limited" as to the expenditure of funds; the employment, discipline, and dismissal of personnel; the school calendar; and instructional programs. What those limitations amounted to in individual schools with respect to day-to-day operations is uncertain.

In the absence of an insurance contract waiving the defense, the doctrine of qualified or official immunity bars a claim of mere negligence against *a State agency* not within the purview of the West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va. Code § 29-12A-1, *et seq.*, and against an officer of that department acting within the scope of his or her employment, with respect to the discretionary judgments, decisions, and actions of the officer.

Syl. pt. 6, *Clark v. Dunn,* 195 W. Va. 272, 465 S.E.2d 374 (1995) (emphasis added).

We observe that Ms. Croaff does not adequately distinguish between principles of sovereign immunity and those of qualified immunity. Specifically, Ms. Croaff argues throughout her brief that pleading within the context of available insurance affords her the ability to advance her claims. However, the state insurance policy exception applies only to sovereign immunity. We have held:

The state insurance policy exception to sovereign immunity, created by West Virginia Code § 29-12-5(a)(4) [2006] and recognized in Syllabus Point 2 of *Pittsburgh Elevator Co. v. W. Va. Bd. of Regents*, 172 W. Va. 743, 310 S.E.2d 675 (1983), applies only to immunity under the *West Virginia Constitution* and does not extend to qualified immunity. To waive the qualified immunity of a state agency or its official, the insurance policy must do so expressly, in accordance with Syllabus Point 5 of *Parkulo v. W. Va. Bd. of Probation & Parole*, 199 W. Va. 161, 483 S.E.2d 507 (1996).

Syl. pt. 2, *W. Va. Bd. of Educ. v. Marple*, 236 W. Va. 654, 783 S.E.2d 75.

Clearly, the fact that a plaintiff seeks recovery against a state agency up to the limits of the State's liability insurance does not waive qualified immunity. The qualified immunity of a state agency is waived only if the insurance policy expressly so states. In the instant matter, the applicable insurance policy does not waive the WVBE's qualified immunity. In fact, the Certificate of Liability Insurance expressly provides as an amendatory endorsement "it is a condition precedent of coverage under this policy that the additional insured does not waive any statutory or common law immunities conferred upon it." This Court has declined to extend the state insurance policy exception under W. Va. Code § 29-12-5 to qualified immunity. *Marple*, 236 W. Va. at 662, 783 S.E.2d at 83.

6

With regard to the standards for determining whether qualified immunity applies we have stated:

> To determine whether the State, its agencies, officials and/or employees are entitled to immunity, a reviewing court must identify the nature of the governmental acts or omissions which give rise to the suit for purposes of determining whether such acts or omissions constitute legislative, judicial, executive or administrative policy-making acts or otherwise discretionary governmental functions. . . .

Syl. pt. 10, *in part, West Virginia Reg'l Jail & Corr. Facility Auth. v. A.B.*, 234 W. Va. 492, 766 S.E.2d 751 (2014). The circuit court clearly erred in rejecting the applicability of *A.B.* and in failing to apply this controlling syllabus point.

Ms. Croaff contends that she avoids the qualified immunity bar by the lack of specificity in her amended complaint. She argues that she did not make specific allegations regarding any particular individual officer, employee, or agent, which pleading affords her the opportunity to proceed. This argument amounts to an improper attempt to bootstrap liability with vague and conclusory pleadings grounded only in a general duty of workplace safety.

While we have not required identification of any officer or employee, we have not suggested that the lack of such identification affords plaintiffs an escape hatch for avoiding application of qualified immunity. Regarding the critical first step of identifying the nature of the governmental acts or omissions, this Court has indicated that it "may be evident from the nature of the allegations themselves or may be effectively accomplished by identifying the official or employee whose acts or omissions give rise to the cause of action." *A.B.*, 234 W. Va. at 507, 766 S.E.2d at 766. Additionally, we have indicated that "individual identification may more easily permit a proper examination of that particular official or employee's duties and responsibilities and any statutes, regulations, or other clearly established laws which are applicable" to those duties. *Id.* Nevertheless, we have found that "'immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches.'" *Id.* (quoting *Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538, 544, 98 L. Ed. 2d 555 (1988)). Identification of the official or employee whose actions or omissions give rise to the cause of action is not always necessary, but can help "guide the lower court's analysis of whether the complained of actions are legislative, judicial, executive or administrative policy-making acts, or otherwise discretionary governmental functions." *A.B.*, 234 W. Va. at 507, 766 S.E.2d at 766.

As is well-established, when the cause of action arises from judicial, executive, or administrative policy-making acts, both the State and the official or employee involved are absolutely immune. *Id.* (citing Syl. pt. 7, *Parkulo v. West Virginia Bd. of Probation & Parole*, 199 W. Va. 161, 483 S.E.2d 507 (1996)).  As to discretionary functions, we have held:

> To the extent that governmental acts or omissions which give rise to a cause of action fall within the category of discretionary functions, a reviewing court must determine whether the plaintiff has demonstrated that such acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive in accordance with *State v. Chase Securities, Inc.*, 188 W. Va. 356, 424 S.E.2d 591 (1992).  In absence of such a showing, both the State and its officials or employees charged with such acts or omissions are immune from liability.

Syl. pt. 11, *A.B.*, 234 W. Va. 492, 766 S.E.2d 751.

The act of maintaining a safe workplace falls within the category of discretionary functions rather than legislative, judicial, executive, or administrative policy-making.  Ms. Croaff's argument that the duty of maintaining a safe workplace is mandatory rather than discretionary misapprehends the required analysis.  Providing a safe workplace for individuals working at MCHS is a general duty.  The actions or omissions of various officers and/or employees in meeting that duty, whether principals, maintenance staff, supervisors, or other employees, are wholly discretionary requiring the use of discretionary judgments and decisions often made on a day-to-day basis. While there may be a duty to inspect, repair, and maintain a freezer for safety purposes, the method and manner in which such duty is carried out involves an exercise of discretion.  Indeed, here, the allegations of the amended complaint clearly assert that some officer or employee allegedly exercised such discretion by hiring or contracting with Statewide to inspect, repair, and maintain the freezer. We note, for instance, that Ms. Croaff did not plead, and has not identified, any legal, statutory, or regulatory requirements as to the scope, nature, timing, or frequency of freezer inspection and maintenance.  Nor has our review of authorities identified any such requirements, although we observe that we have identified various requirements for school kitchens relating to fixtures and bulbs, lock plugs, fire safety and suppression, waste control, wall finishes, flooring materials, aisle widths, and requirements for school kitchen freezers addressing size, temperature, safety doors for walk-in freezer units, and lighting.  W. Va. Bd. of Educ. Policy 6200, *Handbook on Planning School Facilities*, 126 W. Va. C.S.R. § 172.

Simply stated, Ms. Croaff has not pled, or otherwise identified, any clearly established statutory or constitutional right or law violated by the acts or omissions of the WVBE, its officials, or employees.[2] Furthermore, Ms. Croaff has not pled or identified any fraudulent, malicious, or oppressive acts committed by such officials or employees. We note that this Court "takes the pleadings and record as it finds them and the adversarial process makes it incumbent on the parties to plead the causes of action and present the requisite evidence necessary to maintain viability of their case." *A.B.*, 234 W. Va. at 516, 766 S.E.2d at 775.

Our straightforward review commands the conclusion that Ms. Croaff's case suffers a fatal flaw in that it lacks identification of a specific law, statute, or regulation violated by the WVBE. *See, e.g.*, *West Virginia State Police v. Hughes,* __ W. Va. __ , 796 S.E.2d 193 (2017) (qualified immunity served as bar to liability for negligent acts of state agency, officers, and/or employees in the absence of the identification of violations of clear legal or constitutional rights); *West Virginia Bd. of Educ. v. Marple*, 236 W. Va. at 667, 783 S.E.2d at 88 (failure to identify violations of clearly established statutory or constitutional right in an action for defamation, false light, and breach of contract such that qualified immunity barred the claims); *A.B.*, 234 W. Va. at 516, 766 S.E.2d at 755 (failure to identify a clearly established law, statute, or right that the state agency violated through its training, supervision, and retention of an employee was fatal to the claim); *West Virginia Dep't of Health & Human Res. v. Payne*, 231 W. Va. 563, 574, 746 S.E.2d 554, 565 (2013) (state agencies entitled to qualified immunity regarding claims of negligent licensure, monitoring, and enforcement of a day habilitation center because no specific law, statute, or regulation was identified that was violated by the agencies). Inasmuch as Ms. Croaff, in her amended complaint, failed to identify a clearly established law, statute, or regulation that the WVBE violated, she has failed to state a claim. Our finding that the WVBE enjoys the protection of qualified immunity is dispositive such that we need not address the other assignments of

---

[2]We note that, upon recognizing the challenge facing the cause of action, Ms. Croaff made an effort during oral argument to otherwise identify a statute or law that had been violated. That effort was unavailing. W. Va. Code § 18-2-5d (1995) (Repl. Vol. 2016) addressing productive and safe schools relates to issues associated with discipline, suspension, expulsion, working with local emergency services, preventive discipline, student codes of conduct, and peer programs. The statute does not apply to school kitchen operations. Additionally, W. Va. Code § 21-3-1 (1937) (Repl. Vol. 2013) establishes a general requirement of providing reasonably safe workplaces and lacks the specificity necessary to avoid application of qualified immunity for discretionary acts.

error advanced by the WVBE.[3]  Accordingly, the action against the WVBE must be dismissed.

For the foregoing reasons, the May 4, 2016, order of the Circuit Court of Mingo County is reversed with respect to the finding that the WVBE did not enjoy the protection afforded by the doctrine of qualified immunity and remanded for the entry of an order dismissing the WVBE as a party defendant.

Reversed.

**ISSUED:  May 17, 2017**

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[3]Moreover, so that there is no confusion upon remand, the "alternative" deliberate intent claim must also be dismissed.  Ms. Croaff stated that the alternative deliberate intent claim against the WVBE "only applies in the unlikely scenario Ms. Croaff is determined to be a *de facto* employee of the WVBOE."  Additionally, Ms. Croaff represented that "the heart of this case is a personal injury and negligence action against a *non-employer* entity, the WVBOE."  The amended complaint sets forth no operative factual allegations supporting the "unlikely scenario" that Ms. Croaff was a *de facto* employee of the WVBE.  Recall that, as an employee of the MCBE, Ms. Croaff received workers' compensation benefits.  Thus, the alternative claim is "sketchy" and "conclusive" such that it does not set forth a viable cause of action.

10