358 S.E.2d 242

Miss Mary Angelina COLLIA
and Phillip J. Collia

v.

McJUNKIN, a corporation.

No. 17250.

Supreme Court of Appeals of
West Virginia.

June 5, 1987.

Mary & Phillip Collia, pro se.

William M. Herlihy, Charleston, for appellee.

PER CURIAM:

This appeal by Miss Mary Angelina Collia and Phillip J. Collia is from the final order of the Circuit Court of Kanawha County dismissing their complaint under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure because it failed to state a claim upon which relief could be granted. The Collias sought to break a 1965 lease agreement contending that the lease provisions were inequitable and that the defendants improperly subleased the leased property. After examining the record, we conclude that the trial court did not err in dismissing the complaint.

The plaintiffs own Lot No. 18 of the Chilton Addition in the City of Charleston. On October 8, 1965, the plaintiffs entered into a lease agreement with the defendant, McJunkin Corporation. The terms and conditions of the lease agreement include, in part, that the lease would run for a term of twenty years with two extension options of ten years each and an annual rental of $1,200. The lease agreement could be terminated if the defendant McJunkin missed a monthly rental payment and after written notification failed to cure the default within thirty days. The Collias, as lessors, were to pay the real estate taxes and other assessments against the leased land for taxes or public improvements. The lessee, McJunkin, was to reimburse the lessors for all taxes and assessments against any buildings or other improvements placed by the lessees on the leased premises. The written lease contains no provision concerning subleasing or assignment of the lease.

A trial court may dismiss a pleading for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the complaint. *Mandolidis v. Elkins Indus., Inc.*, 161 W.Va. 695, 717, 246 S.E.2d 907, 920 (1978); *John W. Lodge Dist. Co. v. Texaco, Inc.*, 161 W.Va. 603, 604–05, 245

S.E.2d 157, 158 (1978). Motions to dismiss are generally viewed with disfavor because the complaint is to be construed in the light most favorable to the plaintiff and its allegations are to be taken as true. *Sticklen v. Kittle*, 168 W.Va. 147, 163–64, 287 S.E.2d 148, 157 (1981). In Syllabus Point 3 of *Chapman v. Kane Transfer Co.*, 160 W.Va. 530, 236 S.E.2d 207 (1977), this Court held:

> "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)."

*See also* Syllabus Point 2, *Sticklen v. Kittle, supra;* Syllabus, *Fass v. NOWSCO Well Service, Ltd.*, 177 W.Va. 50, 350 S.E.2d 562 (1986); Syllabus, *Warner v. Kittle*, 167 W.Va. 719, 280 S.E.2d 276 (1981).

■ In this case, the plaintiffs' complaint fails to set forth facts which show a right entitling them to legal relief. The plaintiffs' complaint is that the annual rental is so inadequate as to warrant cancellation of the lease. We have generally held that leases and deeds are not voidable for lack of consideration alone. *McElwain v. Wells*, 174 W.Va. 61, 64, 322 S.E.2d 482, 485 (1984); *Farrar v. Young*, 158 W.Va. 977, 984, 216 S.E.2d 575, 579 (1975).

■ The plaintiffs also allege that McJunkin's attorney did not include in the lease a clause against subletting which they had asked for. The parol evidence rule provides that, in controversies between parties to an agreement, evidence of prior or contemporaneous oral negotiations or statements is inadmissible to vary, contradict, add to, or explain the terms of a complete, unambiguous, written instrument as stated in Syllabus Point 2 of *Gwinn v. Rogers*, 92 W.Va. 533, 115 S.E. 428 (1922):

> "Except in cases of fraud or mistake, parol evidence can not be admitted to vary, contradict, add to or explain the terms of a complete and unambiguous lease, by proving that the agreement of the parties was different from what it appears upon the face of the lease."

*See also Mundy v. Arcuri*, 165 W.Va. 128, 130, 267 S.E.2d 454, 456 (1980); Syllabus Point 1, *North American Royal Coal Co. v. Mountaineer Developers, Inc.*, 161 W.Va. 37, 239 S.E.2d 673 (1977); *Wilkinson v. Searls*, 155 W.Va. 475, 184 S.E.2d 735 (1971).

■ As an additional theory, the plaintiffs urge that without a specific provision permitting subletting, the right to sublet does not exist. This, however, is contrary to the general rule found in Syllabus Point 2 of *Randolph v. Koury Corp.*, 173 W.Va. 96, 312 S.E.2d 759 (1984):

> "Unless there is some statutory prohibition or an express provision in the lease to the contrary, a lease on real property, other than a tenancy at will, is assignable."

For the foregoing reasons, the dismissal order of the Circuit Court of Kanawha County is affirmed.

Affirmed.