# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kathryn G. Earley and**
**Susan E. Spence, Plaintiffs Below,**
**Petitioners**

**FILED**

November 23, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 14-1232** (Jackson County 14-C-79)

**Richard D. Fisher, an individual and**
**Adams, Fisher, and Chappell PLLC,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Pro se petitioners Kathryn G. Earley and Susan E. Spence, appeal the Circuit Court of Jackson County's October 27, 2014, order granting respondents' motion to dismiss. Respondents, by counsel Leah Chappell, filed a response. Petitioners filed a reply. On appeal petitioners alleged that the circuit court erred in dismissing their complaint for failure to state a claim upon which relief could be granted.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2012, Respondent Richard D. Fisher, an attorney, drafted The Last Will and Testament ("will") of Emmett J. Earley ("decedent"). The decedent executed his will on August 3, 2012, and died later that same day. The following month, the decedent's will was admitted to probate. Decedent's will stated as follows:

I, EMMETT J. EARLEY, of Jackson County, West Virginia, being of lawful age and of sound and disposing mind and memory, do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking all wills by me at any time heretofore made.

RECITALS: I am single, and have nine children, to-wit: Kathryn G. Earley, Joseph F. Earley, Susan E. Spence, Thomas E. Earley, John R. Earley, David Earley, Daniel Earley, Peter Earley, and Mary Superales.

FIRST: I direct all my just debts and funeral expenses to be paid.

1

SECOND: I give, devise and bequeath all of my estate, real, personal and mixed, of whatsoever kind and wheresoever situate, unto my son Joseph F. Earley, in fee simple absolute.

THIRD: In the event my son, Joseph F. Earley, shall not survive me or shall die in an accident or disaster which also causes my death, I then give, devise and bequeath all of my estate, real personal and mixed, of whatsoever kind and wheresoever situate, unto my son John R. Earley, in fee simple absolute.

FOURTH: It is my intention that only those persons specifically named herein as the primary and contingent beneficiaries of my estate shall take any of my said property by devise or bequest hereunder or otherwise share in my estate.

FIFTH: If any devisee, legatee or beneficiary under this, my will, or any other person whatsoever, shall contest the validity of, or object to the probate of, this instrument, or attempt to vacate the same, or to alter or change any of the provisions hereof, or in any wise, directly or indirectly through personal or legal representatives, contest this will, such person shall be thereby deprived of all beneficial interest hereunder and of any share in my estate, and the share of such person shall become part of my residuary estate, and such person shall be excluded from taking any part of such residuary estate, and the same shall be divided among the other persons entitled to take such residuary estate.

SIXTH: I hereby nominate and appoint Joseph R. Earley as Executor of this my Last Will and Testament, and I direct that no security be required of my son as Executor. However, in the event that Joseph R. Earley, shall die, resign, be disqualified or unable or unwilling to act as Executor, I hereby nominate and appoint John R. Earley as Executor of this my Last Will and Testament, and I direct that no security be required of the said John R. Earley as Executory.

Given under my hand and seal this the 3rd day of August, 2012.

In August of 2014, petitioners filed an action for negligence (legal malpractice) against respondents for allegedly failing to name petitioners as beneficiaries in the decedent's will. In their civil action, petitioners complain that respondents breached their duty of care, thus denying petitioners their share of the decedent's estate. Thereafter, respondents filed a motion to dismiss alleging that petitioners failed to file their claim within the two-year statute of limitations set forth in West Virginia Code § 55-2-12 and this Court's holding in *Dunn v. Rockwell*, 225 W.Va. 43, 689 S.E.2d 255 (2009). Respondents also argued pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, that petitioners failed to state a claim upon which relief may be granted because they lacked standing to pursue a claim for legal malpractice in accordance with *Calvert v. Scharf* 217 W.Va. 684, 694, 619 S.E.2d 197, 207 (2005). By order entered on October 24, 2014, the circuit court denied respondents' motion to dismiss on the ground that

petitioners timely filed their civil complaint.[1] The circuit court held its ruling on the issue of standing in abeyance. By order entered October 27, 2014, the circuit court granted respondents' motion to dismiss. The circuit court found that petitioners lacked standing to pursue a claim of legal malpractice because the terms of decedent's will were "clear and unambiguous" and that petitioners were "not beneficiaries of the last will and testament of [the decedent]." It is from the order granting respondents' motion to dismiss that petitioners appeal.

With regard to the standard of review for orders granting motions to dismiss, we have held as follows:

> This Court has explained that "[t]he purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the complaint." *Collia v. McJunkin*, 178 W.Va. 158, 159, 358 S.E.2d 242, 243 (1987) (citations omitted). "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)." Syllabus Point 3, *Chapman v. Kane Transfer Co. Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977). "Dismissal for failure to state a claim is proper 'where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Murphy v. Smallridge*, 196 W.Va. 35, 37, 468 S.E.2d 167, 168 (1996). This Court has also held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

*Mey v. Pep Boys-Manny, Moe & Jack*, 228 W.Va. 48, 52, 717 S.E.2d 235, 239 (2011). Upon our review, we find no error in the circuit court's order granting respondents' motion to dismiss.

On appeal petitioners assert five assignments of error. However, petitioners concede that the dispositive issue on appeal is whether they have standing to pursue their civil action in circuit court. Specifically, petitioners argue that respondents negligently drafted decedent's will. Petitioners contend that they "know undoubtedly that [the decedent] never intended to disinherit eight of his nine children." Further, without citing any supporting authority, petitioners assert that respondents failed to include an explanation for the disinheritance of the other beneficiaries.

In discussing who has standing to bring a claim for negligence against a lawyer who prepared a Last Will and Testament, we have stated that

> [d]irect, intended, and specifically identifiable beneficiaries of a will have standing to sue the lawyer who prepared the will where it can be shown that the testator's intent, as expressed in the will, has been frustrated by the negligence of

---

[1]Respondents conceded that petitioners timely filed their complaint within the two-year statute of limitations.

the lawyer so that the beneficiaries' interest(s) under the will is either lost or diminished.

Syl. Pt. 2, *Calvert v. Scharf*, 217 W. Va. 684, 619 S.E.2d 197 (2005). *See also* Syl. Pt. 7, *Kanawha Valley Bank v. Hornbeck*, 151 W.Va. 308, 151 S.E.2d 694 (1966) ("Where the language used in a will is clear, there is no need for any construction of such will by the court and the testamentary intent will be carried out."). Here, the record is devoid of any evidence that petitioners were the direct, intended, or specifically identifiable beneficiaries of the decedent's will. Contrary to petitioners' argument that the decedent's will is ambiguous, the "second," "third," and "fourth" clauses of the decedent's will clearly show the decedent's intent and designated Joseph F. Earley and John R. Earley as his primary and contingent beneficiaries, respectively, of his entire estate in fee simple absolute. For these reasons, we find that the circuit court did not err in dismissing petitioners' claims for failure to state a claim upon which relief may be granted because they lacked standing.

For the foregoing reasons, the circuit court's October 27, 2014, order granting respondents' motion to dismiss is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II