# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Alexandra Ottaviano, administratrix of
the Estate of John Anthony Ottaviano,
Plaintiff Below, Petitioner**

**vs) No. 16-0714** (Berkeley County 16-C-56)

**Tiffany R. Durst,
Defendant Below, Respondent**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Alexandra Ottaviano, administratrix of the Estate of John Anthony Ottaviano, by counsel Paul G. Taylor, appeals the Circuit Court of Berkeley County's May 27, 2016, order dismissing her complaint for failure to state a claim upon which relief can be granted. Respondent Tiffany R. Durst, by counsel Kathryn A. Grace, filed a response. Petitioner argues that the circuit court erred in dismissing the complaint because the circuit court, in applying the litigation privilege to petitioner's claims, failed to consider the exceptions to that privilege and erred in concluding that petitioner could not assert a third-party bad faith cause of action under the West Virginia Human Rights Act.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner's complaint details actions that occurred in an underlying civil action. The underlying action stemmed from a November 20, 2010, accident in which John Anthony Ottaviano ("John"), who was the father of Mark Anthony Ottaviano ("Mark"), ran over and killed Mark with his vehicle. State Farm Mutual Automobile Insurance Company ("State Farm") insured the vehicle that John was operating. Mark's estate filed a wrongful death action against John, and State Farm assigned the defense of that action to the law firm of Pullin, Fowler, Flanagan, Brown and Poe PLLC ("Pullin Fowler"). Respondent, an attorney employed by Pullin Fowler, was counsel of record for John, and later, following John's death, for petitioner as administratrix of John's Estate.[1] The wrongful death action was tried before a jury, and the jury returned a verdict in the amount of $190,000.00 to Mark's estate. State Farm paid to Mark's estate the bodily injury policy limits of $100,000.00, plus costs.

---

[1]John's death was unrelated to the circumstances surrounding the underlying wrongful death lawsuit.

1

Following the trial and resolution of this underlying lawsuit, on February 10, 2016, petitioner[2] filed suit against respondent and State Farm alleging that they are liable for damages under the West Virginia Human Rights Act and asserting first- and third-party bad faith claims. Specifically, the complaint states that respondent engaged in discriminatory practices by failing to competently investigate the underlying case and make a reasonable offer of settlement. Respondent moved to dismiss petitioner's complaint against her for failure to state a claim upon which relief can be granted. On May 27, 2016, the circuit court granted respondent's motion to dismiss.[3] This appeal followed.

On appeal, petitioner asserts that the circuit court erred in concluding that the complaint failed to state a claim upon which relief can be granted under West Virginia Rule of Civil Procedure 12(b)(6). Petitioner also cites as error the circuit court's specific findings that underlie its conclusion that petitioner failed to state a claim. Specifically, petitioner asserts that the circuit court erred in finding that the litigation privilege prohibited suit against respondent because the court failed to consider the exceptions to that privilege. Petitioner claims that the circuit court erroneously concluded that respondent was not an agent of State Farm. Lastly, petitioner claims that West Virginia Code § 33-11-4 does not preclude a third-party cause of action against an insurer under the West Virginia Human Rights Act, West Virginia Code § 5-11-9(7).

---

[2]Mark's Estate was also a named plaintiff below. Only petitioner appealed the circuit court's order, however.

[3]We note that this Court's "jurisdiction normally does not encompass appeals from the denial or granting of a motion to dismiss where there are remaining issues to be litigated." *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 775, 461 S.E.2d 516, 521 (1995). The order at issue here dismisses all claims against respondent only, leaving claims pending against State Farm; however, it does not include certification under West Virginia Rule of Civil Procedure 54(b). Nonetheless,

> [t]he key to determining if an order is final is not whether the language from Rule 54(b) of the West Virginia Rules of Civil Procedure is included in the order, but is whether the order approximates a final order in its nature and effect. We extend application of this rule to a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.

194 W. Va. at 773, 461 S.E.2d at 519, syl. pt. 1. Because the order granting respondent's motion to dismiss completely disposes of all claims against her, we find that the order is final in its nature and effect, and the matter is, therefore, properly before this Court on appeal. *See Nat'l Union Fire Ins. Co. v. Miller*, 228 W. Va. 739, 746-47, 724 S.E.2d 343, 350-51 (2012) ("The circuit court's order completely disposes of the indemnity claim. Although it does not contain the W. Va. R. Civ. P. 54(b) finality language, . . . this Court agrees [] that the order is final in its nature and effect as to the issue of indemnity. Therefore, the matter is properly before this Court on appeal.")

We review the circuit court's order denying the motion to dismiss *de novo*. Syl. Pt. 4, *Ewing v. Board of Educ.*, 202 W.Va. 228, 503 S.E.2d 541 (1998). "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the complaint." *Collia v. McJunkin*, 178 W.Va. 158, 159, 358 S.E.2d 242, 243 (1987) (citations omitted). In reviewing the sufficiency of a complaint under Rule 12(b)(6), this Court is required to accept the factual allegations as true and to draw all reasonable inferences in the light most favorable to the plaintiff. *John W. Lodge Distrib. Co., Inc. v. Texaco, Inc.*, 161 W.Va. 603, 605, 245 S.E.2d 157, 158-59 (1978). Additionally, dismissal for failure to state a claim is proper only where it is clear beyond doubt that no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint. Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977). A plaintiff's complaint must "set forth sufficient information to outline the elements of his claim." *Price v. Halstead*, 177 W.Va. 592, 594, 355 S.E.2d 380, 383 (1987).

Petitioner's complaint set forth four causes of action:

> Plaintiffs file this civil action (1) under the provisions of West Virginia Code § 5-11-9(7), the West Virginia Human Rights Act, (2) a claim against a party's insurer, (3) a third-party claim against the insurer, and ([4]) for a declaratory judgment under the provisions of Rule 57, West Virginia Rules of Civil Procedure.[4]

Petitioner's complaint characterized respondent as an agent for State Farm, and claimed that respondent and State Farm engaged in discriminatory practices that resulted in economic loss to petitioner.

The circuit court dismissed petitioner's complaint against respondent upon finding that the litigation privilege barred suit against her because petitioner's complaint failed to allege any conduct unrelated to the underlying lawsuit. Petitioner asserts that the circuit court erred in dismissing the complaint on this ground because it failed to consider the exceptions to the litigation privilege. "The litigation privilege is generally applicable to bar a civil litigant's claim for civil damages against an opposing party's attorney if the alleged act of the attorney occurs in the course of the attorney's representation of an opposing party and is conduct related to the civil action." Syl. Pt. 3, *Clark v. Druckman*, 218 W.Va. 427, 428, 624 S.E.2d 864, 865 (2005). The exceptions to this privilege are claims of fraud and malicious prosecution. *Id.* at 435, 624 S.E.2d at 872. Petitioner's complaint, however, contains no cause of action for fraud or malicious prosecution.

In further arguing that an exception to the privilege should permit his suit against respondent to go forward, petitioner urges this Court to consider *Moss v. Parr Waddoups Brown Gee & Loveless*, 285 P.3d 1157 (Utah 2012), which relied upon *Clark* in outlining the contours of Utah's litigation privilege. The *Moss* Court noted that the privilege is not without limit and

---

[4]Petitioner sought a declaratory judgment that the statute abolishing third-party bad faith actions against *insurance carriers*, West Virginia Code § 33-11-4a, violates the "open courts" provision of the West Virginia Constitution. Accordingly, this cause of action concerned State Farm rather than respondent and is not addressed in this appeal.

that the privilege can be lost when a plaintiff asserts that an "attorney has engaged in independent acts, that is to say acts outside the scope of his representation of his client's interests, or has acted solely for his own interests and not his client's." *Id.* at 1166. Disregarding the fact that *Moss* is not binding precedent on this Court, we find that there are no allegations that respondent acted outside the scope of her representation or acted solely for her own interests. To the contrary, the complaint details the underlying lawsuit against which respondent was retained to defend; asserts that respondent "represented at all times State Farm as its attorney throughout the proceedings and trial in the below described civil action[;]" and, for its primary allegations of wrongdoing, asserts that respondent failed to competently investigate the case and make a reasonable offer of settlement. Because the complaint fails to assert a claim for malicious prosecution or fraud, because the allegations in petitioner's complaint concern conduct occurring during the course of respondent's representation, and because the conduct is related to the underlying civil action, dismissal of petitioner's complaint under West Virginia Rule of Civil Procedure 12(b)(6) was proper and warranted.

Petitioner also argues that the circuit court erroneously concluded that respondent was not an agent of State Farm. Petitioner asserted first- and third-party bad faith claims against State Farm and further claimed that respondent was an attorney-agent of State Farm and, therefore, liable to petitioner for alleged damages. "A first-party bad faith action is one wherein the insured sues his/her own insurer for failing to use good faith in settling a claim filed by the insured." Syl. Pt. 2, *Loudin v. Nat'l Liab. & Fire Ins. Co.*, 228. W.Va. 34, 35, 716 S.E.2d 696, 697 (2011). "The Unfair Trade Practices Act, W.Va. Code §§ 33-11-1 to 10, and the tort of bad faith apply only to those persons or entities and their agents who are engaged in the business of insurance." Syl. Pt. 2, *Barefield v. DPIC Cos., Inc.*, 215 W.Va. 544, 546, 600 S.E.2d 256, 258 (2004) (internal quotations and citation omitted).

> A defense attorney who is employed by an insurance company to represent an insured in a liability matter is not engaged in the business of insurance. The defense attorney is therefore not directly subject to the provisions of the West Virginia Unfair Trade Practices Act. *W.Va. Code*, 33-11-1 to -10.

215 W.Va. at 547, 600 S.E.2d at 259, syl. pt. 3 (internal quotations and citation omitted). These pronouncements make clear that defense attorneys hired to represent insureds are not engaged in the business of insurance; thus, the circuit court did not err in concluding that respondent is not State Farm's agent and is not liable for the bad faith claims.

Petitioner's final assignment of error is that the circuit court erred in concluding that West Virginia Code § 33-11-4(a), which precludes third-party suits for unfair claims settlement practices, also precludes a third-party cause of action brought pursuant to West Virginia Code § 5-11-9(7) of the West Virginia Human Rights Act. Petitioner states that "[t]he [c]ircuit [c]ourt, in a form of legal mumbo-jumbo on page 3 of the May 27[th] Order, asserts that the plaintiffs are not members of a protected class. This is false." We find that the circuit court's order did not conclude that third-party claims could not be asserted under the West Virginia Human Rights Act. Rather, the circuit court found that petitioner had failed to assert a claim under the West Virginia Human Rights Act because petitioner failed to assert membership in a protected class.

4

To plead a prima facie case of discrimination under the Human Rights Act, a plaintiff must allege "(1) [t]hat the plaintiff is a member of a protected class. (2) That the [defendant] made an adverse decision concerning the plaintiff. (3) But for the plaintiff's protected status, the adverse decision would not have been made." Syl. Pt. 3, in part, *Conaway v. E. Associated Coal Corp.*, 178 W.Va. 164, 166, 358 S.E.2d 423, 425 (1986). Petitioner argues discrimination based upon "familial status," but the complaint is devoid of any allegation concerning a protected class. Because petitioner failed to plead a prima facie case of discrimination, dismissal for failure to state a claim was proper.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**:  September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker