# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William V. Worley,**
**Plaintiff Below, Petitioner**

**vs.) No. 19-0464** (Mercer County 19-C-17)

**Mercer County Sheriff's Department,**
**Mercer County Commission, and Former**
**Sheriff Harold Buckner, personally and in**
**his official capacity,**
**Defendants Below, Respondents**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William V. Worley, by counsel Dennie S. Morgan Jr., appeals the circuit court's April 15, 2019, order, which dismissed his second civil action against respondents pursuant to West Virginia Rule of Civil Procedure 12(b)(6). Respondents Mercer County Sheriff's Department, Mercer County Commission, and Former Sheriff Harold Buckner, by counsel Chip E. Williams, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This is the second civil action filed by petitioner, a former deputy with the Mercer County Sheriff's Department, against respondents. In the first civil action filed on September 3, 2013, petitioner alleged wrongful discharge, defamation, negligent infliction of emotional distress, and intentional infliction of emotional distress. Petitioner's initial complaint noted that his employment with the Mercer County Sheriff's Department was terminated after he had allegedly planted marijuana during a traffic stop. Following his termination, petitioner claimed that he attempted to find alternative employment but had difficulty due to the actions of the Mercer County Sheriff. He alleged that he applied for a job with the McDowell County Sheriff's department and, during an interview, was asked questions about missing evidence and issues surrounding the traffic stop that were central to his termination. He argued that the Mercer County Sheriff's Department voluntarily contacted the McDowell County Sheriff's Department to give petitioner a bad reference and further that the Monroe County Sheriff told a Summers County Commissioner that he could not

1

offer petitioner a job at the Monroe County Sheriff's Department because the Mercer County Sheriff's Office had contacted the Sheriff and had spoken ill of petitioner. Petitioner claimed that respondents defamed his character and that respondents intentionally and negligently inflicted emotional distress upon him.

The circuit court dismissed petitioner's initial civil action, finding that petitioner failed to assert any of the essential elements for claims of wrongful discharge, defamation, negligent infliction of emotional distress, and intentional infliction of emotional distress. The final order was entered on March 4, 2014, however, petitioner did not ask the circuit court to reconsider that ruling until 2018. The circuit court denied petitioner's motion for reconsideration filed pursuant to West Virginia Rule of Civil Procedure 60, finding that it was not timely filed.

Petitioner filed the instant civil action claiming that he had newly discovered evidence concerning the circumstances of his termination. Despite this assertion, he did not state what the newly discovered evidence was, nor did he state when he discovered the evidence. Although he argued that he had recently discovered that respondents had been making defamatory statements to third-parties, he does not state the content of any alleged defamatory statement, nor that any of the defamatory statements were negligent. Petitioner's second lawsuit raised five causes of action: civil conspiracy, tortious interference of contract, intentional infliction of emotional distress, and slander/defamation of character.

The circuit court granted respondents' motion to dismiss and dismissed this matter. First, although petitioner alleged that there was newly discovered evidence to justify his new civil action, the circuit court noted that generally a plaintiff will rely upon newly discovered evidence to obtain a new trial, not a new civil action. In the context of a request for a new trial based upon newly discovered evidence, the circuit court found:

> However, the West Virginia Supreme Court has held that "a new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from the facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is an additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side." Syl., *State v. Frazier*, 162 W. Va. 935, 253 S.E.2d 534 (1979).
>
> Plaintiff fails to meet any of the relevant requirements for newly discovered evidence in a civil case. First, there is nothing in the new Complaint that alleges this new evidence has been discovered since the prior dismissal [o]rder of civil action 13-C-313. Most importantly, there is no affidavit from any new witnesses nor any indication of what the new evidence might be. Second, there is no

2

indication in the Complaint that the Plaintiff acted to diligently secure this new unknown evidence prior to the last dismissal (sic). Third, there is no indication that this new unknown evidence is material and not cumulative. Fourth, there is no indication that the new unknown evidence would bring a different outcome than the prior civil action. Assuming *arguendo* that all of Plaintiff's claims in the present Complaint are true, it would still be dismissed for failure to state a claim upon which relief could be granted. The fifth factor is not applicable in this case.

Also in its dismissal order, the circuit court found that this civil action was barred by the doctrine of res judicata. Petitioner appealed. In petitioner's sole assignment of error he alleges that the circuit court erred in not conducting a hearing prior to dismissing this civil action.

At the outset, we note that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). In *Gastar Exploration Inc. v. Rine,* 239 W. Va. 792, 806 S.E.2d 448 (2017), this Court elaborated on the meaning of this standard of review:

> The term "*de novo*" means "Anew; afresh; a second time." "We have often used the term '*de novo*' in connection with the term 'plenary.' . . . Perhaps more instructive for our present purposes is the definition of the term 'plenary,' which means '[f]ull, entire, complete, absolute, perfect, unqualified.'" "We therefore give a new, complete and unqualified review to the parties' arguments and the record before the circuit court."

*Id.* at 798, 806 S.E.2d at 454. With this standard in mind, we consider the parties' arguments.

"The purpose of a motion under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is to test the sufficiency of the complaint." *Newton v. Morgantown Mach. & Hydraulics of W. Va., Inc.,* No. 18-0653, 2019 WL 6258350, at * 3 (W. Va. Nov. 19, 2019) (memorandum decision) (citing *Doe v. Logan Cty. Bd. of Ed.*, 242 W. Va. 45, 49, 829 S.E.2d 45, 49 (2019)); *see also Collia v. McJunkin*, 178 W. Va. 158, 159, 358 S.E.2d 242, 243 (1987) (citations omitted). This Court has repeatedly held that motions to dismiss under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, in part, *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 236 S.E.2d 207 (1977) (citation omitted). Additionally, "the complaint is [to be] construed in the light most favorable to plaintiff, and its allegations are to be taken as true." *Lodge Distrib. Co. v. Texaco, Inc.*, 161 W. Va. 603, 605, 245 S.E.2d 157, 158 (1978). Here, construing the complaint in the light most favorable to petitioner, we find he can prove no set of facts to entitle him to the relief requested in the complaint.

Despite petitioner's assertion that he had newly discovered evidence that justified the filing of a second civil action against respondents, he failed to allege any specifics as to this newly discovered evidence. Notably, he failed to provide an affidavit concerning this purported newly discovered evidence.

On appeal, petitioner claims that the circuit court erred by dismissing his civil action without holding a hearing on respondents' motion to dismiss. However, he cites to no caselaw or other authority in support for his argument that the circuit court was required to conduct a hearing on respondents' motion to dismiss. Additionally, Rule 12(b)(6) of the West Virginia Rules of Civil Procedure does not require that a circuit court hold a hearing prior to dismissal.

Further, although not raised as an assignment of error, petitioner also argues that the circuit court erred in finding that this civil action was barred by the doctrine of res judicata. Inasmuch as the "[t]he statement of the assignments of error will be deemed to include every subsidiary question fairly comprised therein" pursuant to Rule 10(c)(3) of the West Virginia Rules of Appellate Procedure Rule, we will address the res judicata issue.

Citing caselaw from this Court, the circuit court noted:

> Under West Virginia law, the doctrine of *res judicata* or claim preclusion assures that judgments are conclusive, thus avoiding relitigation of issues that were or could have been raised in the original action. *Res judicata* relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication. Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief. *Dan Ryan Builders, Inc. v. Crystal Ridge Dev. Inc.*, 239 W. Va. 549, 559-560, 803 S.E.2d 519, 529-530 (2017).

For a claim to be barred by res judicata,

> "three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action."

Syl. Pt. 2, in part, *Dan Ryan Builders, Inc.*, 239 W. Va. at __, 803 S.E.2d at 521 (2017)(*citing Syl. Pt. 4, Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41, (1997). The circuit court found:

> There is no question that all three elements are met in this case. First, "a prior dismissal under Rule 12(b)(6) is a final judgment unless the court specifically dismisses without prejudice." *Sprouse v. Clay Commc'n, Inc.*, 158 W. Va. 427, 460, 211 S.E.2d 674, 696 (1975). [] The prior dismissal in this case was with prejudice, thus, it qualifies as a final adjudication on the merits and the first element is met. Second, the parties in the prior civil action are identical to the parties in the current civil action. Accordingly, the second element is met.

4

Third, both civil actions allege defamation and intentional infliction of emotional distress. Although the specific Counts in this case are slightly different from the Counts in the prior case, they both involve similar factual allegations which the Court outlines above. "For purposes of *res judicata* or claim preclusion, 'a cause of action' is the fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief. The tests to determine if the issue or cause of action involved in the two suits is identical is to inquire whether the same evidence would support both actions or issues. If the two cases require substantially different evidence to sustain them, the second cannot be said to be the same cause of action and barred by *res judicata*." *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 239 W. Va. 549, 560, 803 S.E.2d 519, 530 (2017).

Applying a de novo review, we concur with the circuit court's findings that petitioner's civil action is barred by the doctrine of res judicata. Therefore, we conclude that the circuit court's order granting respondents' motion to dismiss was not erroneous.

For the foregoing reasons, we affirm the circuit court's order dismissing this civil action.

Affirmed.

**ISSUED:** July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison