# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CURTIS F. PERRY,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-134**     (Cir. Ct. Mineral Cnty. Case No. CC-29-2023-C-18)

**TROY RAVENSCROFT,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Curtis F. Perry appeals the March 1, 2024, order from the Circuit Court of Mineral County. The order dismissed Mr. Perry's complaint against Respondent Troy Ravenscroft in his capacity as Superintendent of Mineral County Schools ("Superintendent Ravenscroft") and denied Mr. Perry's "Motion to Illegitimate." Superintendent Ravenscroft filed a response.[1] Mr. Perry filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

During the November 2020 election, the voters of Mineral County passed a five-year excess levy ("Levy") proposed by the Mineral County Board of Education ("Board") to raise additional funding for the 2021-2025 fiscal school years. Under the Levy, the Board collects an additional $7,721,484.00 annually to pay for the Board's current general expenses. The Levy outlined the designated purposes for which the funds would be used ("Levy Funds"). For example, $5,080,000.00 was the average annual amount needed,

> [t]o continue support of the instructional program through salaries, wages, benefits[,] and fixed costs at a minimum of current levels; professional salaries; professional substitute salaries; extracurricular salaries, including athletics, band, vocational agriculture, Outdoor School; service personnel salaries, service personnel substitute salaries; service personnel extracurricular salaries; dental insurance; optical insurance; and fixed costs

---

[1] Mr. Perry is self-represented. Superintendent Ravenscroft is represented by Michael C. Cardi, Esq., and Jordan C. Maddy, Esq.

1

for health insurance, social security, retirement, unemployment[,] and workers' compensation.

The Levy also acknowledged that while it provided average annual costs for each purpose, those amounts were likely to vary between fiscal years and further stated:

> In the event that the actual amount collected is less than the approximate annual amounts allocated for the above-stated purposes for any one or more fiscal years, the Board is hereby authorized and empowered to determine in its discretion (i) which one or more of the above-stated purposes shall be reduced for each such fiscal year and (ii) the amount of each such reduction for such fiscal year; provided, however, that the total of all such reductions shall not exceed the amount of such collection shortfall each year.

On April 13, 2023, Mr. Perry filed his two-count complaint in circuit court, naming Superintendent Ravenscroft as the only defendant. His first count alleged that the statute authorizing the Levy, West Virginia Code § 11-8-16 (2005), was unconstitutional because it permits levies to run for a period of five years in violation of Article 10, Section 1 of the West Virginia Constitution which limits excess levies to three years. In the second count of the complaint, Mr. Perry contends the Levy represents an "illegitimate contract" made with the citizens of Mineral County. He alleges that Superintendent Ravenscroft breached that contract by not spending the Levy Funds to benefit the public pursuant to West Virginia Code §§ 11-8-25 and -26. In sum, Mr. Perry alleges that the Board's financial records illustrate that Superintendent Ravenscroft misrepresented the budgetary need for the Levy and misrepresented to county citizens how the Levy Funds would be used. As relief, Mr. Perry sought to invalidate the Levy and recoup all the tax monies he paid thereunder.

On May 30, 2023, Superintendent Ravenscroft filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. The motion argued, among other things, that Mr. Perry's challenge to the constitutionality of the Levy and governing statute failed to establish a claim for relief because Article 10, Section 10 of the West Virginia Constitution, which is specific to school levies, provided that excess levies could run for a period of five years. Mr. Perry filed a response in opposition to the motion to dismiss on June 8, 2023. On July 8, 2023, he filed a "Motion to Illegitimate," which sought relief from the "illegitimate contract" created by the Levy. Neither of those pleadings addressed Superintendent Ravenscroft's argument regarding the applicability of Article 10, Section 10. The circuit court heard both motions on September 11, 2023, and issued its ruling by order dated March 1, 2024.

The circuit court's order first addressed Mr. Perry's constitutional challenge to West Virginia Code § 11-8-16. On this issue, the circuit court determined that while Article 10, Section 1 of the West Virginia Constitution authorizes local tax levying bodies to propose

2

excess levies that cannot exceed three years, the Levy was not subject to that time limit because Article 10, Section 10 of the West Virginia Constitution, which specifically addresses public school levies and bonds, imposes a five-year limit for excess levies and states:

> Notwithstanding any other provision of the Constitution to the contrary, the maximum rates authorized and allocated by law for tax levies on the several classes of property for the support of public schools may be increased in any school district for a period not to exceed five years, and in an amount not to exceed one hundred percent of such maximum rates, if such increase is approved, in the manner provided by law, by at least a majority of the votes cast for and against the same.

The circuit court found that both West Virginia Code § 11-8-16 and the Levy were constitutional because they both contemplated excess levies that do not exceed a period of five years as required by the applicable constitutional provision. As a result, the court dismissed this count of the complaint.

Next, the order discussed Mr. Perry's breach of contract claim and the related "Motion to Illegitimate." The circuit court found that Mr. Perry's claim was based upon the assertion that Superintendent Ravenscroft breached a contract with Mineral County residents by either misrepresenting the necessity for the Levy or by utilizing Levy Funds for improper purposes. The court rejected this claim, finding that his claims consisted of overly broad legal conclusions that were facially inconsistent with the facts in the record.[2] Elaborating on this determination, the court noted:

> [Mr. Perry] asserts the [Levy] falsely represented the budgetary need for the [Levy Funds], citing the Board's accounts payable for the years 2019 through 2021. But the years 2019 and 2020 are not relevant to the inquiry because the [Levy Funds] are for use in the years 2021 through 2025. And the most recent financial statements of the Board simply cannot support [Mr. Perry's] claim that the budget was misrepresented or that the [Levy Funds] were misappropriated . . . . Furthermore, the [Levy Funds] [d]o not weld [sic] specific dollar amounts to specific school board purposes. The [Levy Funds] are generally for the "purpose of paying the general current expenses of the

---

[2] The record consisted of several documents Mr. Perry attached to his complaint as exhibits. A circuit court may review attachments to complaints under certain circumstances when reviewing Rule 12(b)(6) motions. *See* Syl. Pt. 1, *Forshey v. Jackson*, 222 W. Va. 743, 671 S.E.2d 748 (2008) ("A circuit court ruling on a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure may properly consider exhibits attached to the complaint without converting the motion to a Rule 56 motion for summary judgment").

3

Board of Education of the County of Mineral, <u>including for . . . purposes</u>" such as instructional program salaries, the transportation system, grounds improvements, and financial support to community organizations.

The order granted the motion to dismiss, denied Mr. Perry's motion, and dismissed the case in its entirety. This appeal followed.

Our review of an order granting a motion to dismiss is de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 773, 461 S.E.2d 516, 519 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss . . . is de novo."); *Folse v. Rollyson*, 249 W. Va. 389, 393, 895 S.E.2d 244, 248 (Ct. App. 2023) ("When reviewing a circuit court's order granting a motion to dismiss, this Court applies a de novo standard of review." (citations omitted)). Similarly, a de novo standard of review applies to a circuit court's interpretation of constitutional or statutory provisions. *Perdue v. Wise*, 216 W. Va. 318, 322, 607 S.E.2d 424, 428 (2004) (quotations and citations omitted) (noting that a court's interpretation of the West Virginia Constitution and statutes are questions of law and subject to a de novo standard of review).

Mr. Perry raises five assignments of error. However, we have consolidated his assignments of error into three primary arguments.[3] *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating the general proposition that related assignments of error may be consolidated for ruling); *Jacquelyn F. v. Andrea R.*, No. 16-0585, 2017 WL 2608425, at *3 n.2 (W. Va. June 16, 2017) (memorandum decision) (restating assignments of error where they involve clearly related issues). As restated, Mr. Perry argues that the circuit court erred when it prevented him from participating in the September 11, 2023, hearing; found the Levy and its authorizing statute were constitutional; and failed to adequately consider the facts alleged in support of his complaint when it determined his claims were overly broad and not supported by the facts. Upon review, we are unpersuaded by these arguments and affirm the circuit court's ultimate decision to dismiss the underlying action.

First, we conclude that Mr. Perry's contention that he was precluded from presenting his case at the September 11, 2023, hearing to be inconsistent with the record. To that end, Mr. Perry's appellate brief acknowledges that he attended and participated in the hearing, which included a colloquy with the court regarding the pending motions. Furthermore, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that a petitioner's brief "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues [ . . .] were presented to the lower tribunal." Under this Rule, "[t]he Intermediate Court [. . .] may disregard errors that are not

---

[3] Specifically, we have consolidated Mr. Perry's second, third, and fourth assignments of error, which make related arguments contending that the circuit court failed to consider the facts alleged in the complaint when ruling on the motion to dismiss.

adequately supported by specific references to the record on appeal." *Id.* Here, Mr. Perry offers no citation to the record, such as a transcript of the proceeding to support his argument on this issue, and the case law cited in his brief does not establish that he was denied the opportunity to meaningfully participate in the hearing. Therefore, we conclude that Mr. Perry does not establish error on this issue.

Next, we address Mr. Perry's contention that the circuit court erred by finding the Levy and West Virginia Code § 11-8-16 were constitutional. From the outset, we note that Mr. Perry makes several arguments on this issue that are not in the record below; therefore, they will not be considered.[4] *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (citations and quotations omitted) ("Our general rule is that nonjurisdictional questions ... raised for the first time on appeal, will not be considered."); *PITA, LLC v. Segal*, 249 W. Va. 26, 40, 894 S.E.2d 379, 393 (Ct. App. 2023) (noting that as a general rule, an appellate court will not consider an issue raised for the first time on appeal). Accordingly, our review is limited to the four corners of the order on appeal.

In this case, the circuit court's ruling was based upon its determination that the Levy was subject to the five-year limitation under Article 10, Section 10 instead of the three-year limitation under Article 10, Section 1. We agree. "A specific constitutional provision will be given precedence over a general constitutional provision relating to the same subject matter where the two cannot be reconciled." Syl. Pt. 3, *State ex rel. Robb v. Caperton*, 191 W. Va. 492, 446 S.E.2d 714 (1994). Further,

> [a]s in every case involving the application or interpretation of a constitutional provision, analysis must begin with the language of the constitutional provision itself. In making such a determination, we are mindful that courts are not concerned with the wisdom or expediencies of constitutional provisions, and the duty of the judiciary is merely to carry out the provisions of the plain language stated in the constitution.

*Stepp v. Cottrell*, 246 W. Va. 588, 592, 874 S.E.2d 700, 704 (2022) (citations and quotations omitted). Here, it is clear from the plain language of the competing constitutional provisions that Article 10, Section 10 is specific to public school levies. As such, the circuit court properly determined that it took precedence over the general provisions of Article 10, Section 1. Thus, we find no error in the circuit court's determination on this issue.

---

[4] Mr. Perry argues, among other things, that Article 10, Section 10 and/or the Levy is discriminatory, violates other state and federal constitution provisions, and amounts to double taxation. However, these arguments were not addressed in the circuit court's order, do not appear in Mr. Perry's pleadings below, and Mr. Perry cites to no evidence in the record to show that these arguments were properly raised below.

Mr. Perry's final contention is that the circuit court failed to properly consider the allegations in his complaint when it granted the motion to dismiss. According to Mr. Perry, the complaint set forth sufficient facts to establish his breach of contract claim, because the exhibits attached to his complaint show that Superintendent Ravenscroft failed to supply the appropriate information for the Levy as required by West Virginia Code § 11-8-16 and used the Levy Funds for unapproved purposes. Following our review of the complaint, we cannot conclude that the circuit court erred by granting Superintendent Ravenscroft's motion to dismiss.

In West Virginia, is well established that "[t]he purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the complaint." *Collia v. McJunkin*, 178 W. Va. 158, 159, 358 S.E.2d 242, 243 (1987) (per curiam) (citations omitted). "[I]n assessing a plaintiff's appeal from an order of a lower court granting a motion to dismiss under Rule 12(b)(6) [of the West Virginia Rules of Civil Procedure], the allegations contained in plaintiff's complaint must be accepted as true and construed most favorably in his behalf." *Doe v. Wal-Mart Stores, Inc.*, 198 W. Va. 100, 105, 479 S.E.2d 610, 615 (1996) (citations omitted). "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Bowden v. Monroe Cnty. Comm'n*, 232 W. Va. 47, 750 S.E.2d 263 (2013) (quotations and citations omitted).

Below, the circuit court found that Mr. Perry's complaint contained broad and unsupported legal conclusions which were inconsistent with the facts established by the exhibits attached to the complaint. Following an independent review of the complaint, we agree with the circuit court that Mr. Perry cannot plead any set of facts, which if proven, would entitle him to relief in this case. As the circuit court observed, Mr. Perry's complaint relied upon documentation that is immaterial to his challenges to the Levy and offered legal conclusions as factual allegations. Moreover, Mr. Perry's pleadings in opposition to the motion to dismiss fail to address Superintendent Ravenscroft's contention that his complaint was barred by the provisions of Article 10, Section 10. On this issue it has been held that a "plaintiff's burden in resisting a motion to dismiss is a relatively light one, but he is required at a minimum to set forth sufficient information to outline the elements of his claim. If he fails to do so, dismissal is proper." *Price v. Halstead*, 177 W. Va. 592, 594, 355 S.E.2d 380, 383 (1987) (citations omitted). Moreover, "a trial court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Forshey v. Jackson*, 222 W. Va. 743, 756, 671 S.E.2d 748, 761 (2008) (quotations and citations omitted). As such, when considering the complaint in a light most favorable to Mr. Perry, we conclude that dismissal of this action was appropriate under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.

Accordingly, we affirm the circuit court's March 1, 2024, order.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear