# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**BLAKE REALTY, LLC,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-191**     (Cir. Ct. of Wetzel Cnty. Case No. CC-52-2024-C-19)

**SHEILA K. WHITE,**
**Defendant Below, Respondent**

**FILED**

**May 28, 2026**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Blake Realty, LLC, appeals the April 15, 2025, order from the Circuit Court of Wetzel County granting a motion to dismiss filed by Respondent Sheila K. White pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.[1] Respondent filed a response in support of the circuit court's ruling, and petitioner filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. Accordingly, a memorandum decision is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure. For the reasons set forth below, the lower tribunal's decision is affirmed, in part, and reversed, in part, and this matter is remanded to the circuit court for further proceedings consistent with this decision.

Petitioner initiated this civil action in the Circuit Court of Wetzel County, West Virginia, by filing a complaint seeking equitable reformation of a 1991 deed to exclude mineral rights from the conveyance and a declaration quieting title. The complaint asserted that the deed executed in 1991 failed to reflect the terms of an earlier recorded land contract and improperly conveyed mineral interests.

In January 1984, Lewis F. Blake and Opal M. Blake entered into a land contract with Sheila K. White, the respondent, and her husband, Harold R. White, to purchase the "surface only" of 18.35 acres in Wetzel County. This land contract was recorded with the Wetzel County Clerk in Miscellaneous Records Book 53, Page 425. By all accounts, the

---

[1] Petitioner is represented by William J. Leon, Esq. Respondent is represented by Joy D. Llaguno, Esq., and Matthew R. Miller, Esq.

Whites fulfilled the terms of the land contract. As a result, the Blakes subsequently executed a deed in 1991 that conveyed the 18.35-acre parcel to the Whites as joint tenants with the right of survivorship. The 1991 deed describes the parcel in its entirety but without mention of "surface only." No language reserving or excepting the coal, oil, gas, and minerals from the conveyance was included in the deed. The description of the subject tract is as follows:

WITNESSETH, that for and in consideration of the sum of Five ($5.00) Dollars and other good and valuable considerations, the receipt of all which is hereby acknowledged, the said parties of the first part do hereby grant and convey unto the said parties of the second part, and unto the survivor of them, as joint tenants and not as tenants in common, the following described property, with the appurtenances thereunto belonging, situate in Proctor District, Wetzel County, West Virginia, that is to say:

A parcel of land 0.6 miles east of the Village of New Dale on the north side of West Virginia Primary State Route No. 89 in Proctor District, Wetzel County, West Virginia, more particularly bounded and described as follows:

Beginning in the center of West Virginia Primary State Route No. 89 at a common corner to tract no. 2 (18.30 acres) and tract no. 3 (134.46 acres), as shown on Drawing No. 72-3017-1, then with and binding on land remaining to Lewis Blake for 6 new division lines as shown on Drawing No. 72-3017-1, N 58° 12' E 12.28 poles to a set 5/8" rod, then N 31° 57' E 7.45 poles to a set 5/8" rod, then N 39° 22' E 19.87 poles to a set 5/8" rod, then N 29° 00' E 9.58 poles to a set 5/8" rod, then N 47° 33' E 13.5 poles to a set 5/8" rod, then N 54° 55' E 14.99 poles to a set 5/8" rod set in Rhoda Martin's fence line, then with and binding on Rhoda Martin, S 63° 30' E 40 poles, more or less, to the corner of Rhoda Martin and Clarence Amos' line, then with and binding on Clarence Amos for two lines S 47° 45' W 8.32 poles to a 12" Sugar tree, then S 28° 30' E 18 poles to an existing pipe in the north edge of West Virginia Primary State Route No. 89, then with the above said Route No. 89 for twelve lines, N 71° 58' W 9.23 poles, then N 86° 40' W 16.58 poles, then S 74° 35' 7.09 poles, then S 15° 30' W 6.08 poles; then S 11° 30' E 7.95 poles, then S 3° 6' E 10 poles, then S 26° 4' W 8.09 poles, then S 63° 08' W 4.82 poles, then N 68° 11' W 12.36 poles, then N 77° 35' W 21.16 poles, then N 60° 21' W 12.60 poles, then N 88° 51' W 6.90 poles to the beginning, containing 18.35 acres, more or less, (calculated by triangles)

including one-half (1/2) of the road right of way, all as more fully set forth on a survey, to which plat reference is here made for a more particular description. Said survey is recorded in the Office of the Clerk of the County Commission of Wetzel County, West Virginia, in Volume 53 at Page 430 of the Miscellaneous Records.

Being a part of the property that was conveyed unto Lewis F. Blake and Opal Blake by deed dated the 28th day of March, 1972, and recorded in the Office of the Clerk of the County Commission of Wetzel County, West Virginia, in Deed Book 265 at Page 425.

This conveyance is made pursuant to the terms of a land contract by and between parties of the first part and parties of the second part dated the 1st day of January, 1984, and recorded in the Office of the Clerk of the County Commission of Wetzel County, West Virginia, in Volume 53 at Page 430 of the Miscellaneous Records.

This conveyance is made subject to all reservations, exceptions, grants of rights of way and easements made by the grantors and their predecessors in title as recorded in the said Wetzel County Clerk's Office.

Lewis F. Blake died testate on February 9, 2001, leaving his estate to Opal Blake. Pursuant to the right of survivorship, respondent acquired Harold R. White's interest when he died intestate on February 18, 2004. On May 7, 2021, Opal M. Blake died testate, devising all coal, oil, gas, and mineral rights owned at her death to petitioner. Respondent remains the only living party to the sale. Petitioner filed a complaint on April 30, 2024, seeking equitable reformation of the 1991 deed to exclude the transfer of mineral rights.

Respondent filed an answer on May 21, 2024, denying the complaint's allegations and asserting numerous affirmative defenses, including waiver, failure to state a claim upon which relief can be granted, and laches. Respondent then filed a motion for judgment on the pleadings on November 10, 2024. In her motion, respondent alleged that the complaint failed to state a claim upon which relief could be granted because no evidence was presented that the alleged error in the 1991 deed was a result of mutual mistake and no facts were set forth, by clear and convincing evidence, to contravene the presumption that the intent of the parties was correctly represented in the 1991 deed.

The parties were notified by the court on January 8, 2025, that it intended to grant respondent's motion and dismiss the matter. Consequently, on January 9, 2025, petitioner

3

filed a motion to amend the complaint, stating that petitioner would correct any deficiencies in the original complaint. The circuit court reviewed and granted petitioner's motion to amend on January 22, 2025. Petitioner filed an amended complaint on January 23, 2025, supplementing the original pleading with additional factual allegations and legal authority to support petitioner's claims. Notably, the amended complaint attached an email from the attorney who drafted the land contract, which petitioner alleged supports the claim of scrivener's error.[2] In all other respects, the amended complaint reasserted the same request for reformation of the deed.

On January 31, 2025, respondent timely moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, asserting that the amended complaint failed to state a claim upon which relief could be granted because it did not allege facts sufficient to establish mutual mistake or scrivener's error and that petitioner's claims were barred by the doctrine of laches. Petitioner filed a response in opposition to the motion, and respondent filed a reply to the response.

Following a briefing by the parties, on April 15, 2025, the circuit court issued an order granting respondent's motion to dismiss the amended complaint with prejudice. In its order, the court found that the amended complaint failed to state well-pleaded allegations sufficient to state a plausible claim for deed reformation under West Virginia law. The court determined that petitioner failed to include any factual allegations regarding the parties' intent not to modify the terms of the Land Contract.

Accordingly, the court found that any claim of scrivener's error depended on establishing the parties' intent at the time the 1991 deed was executed. The court further explained that, under West Virginia law, a deed may differ from its antecedent land contract without evidence of a mistake or error. As a result, the land contract alone could not establish the parties' intent at the time of execution of the 1991 deed, including any allegation that the parties did not intend to alter the land contract through the deed's language.

---

[2] Logan Hassig, Esq., drafted the 1984 land sale contract, and in an email dated March 22, 2023, Mr. Hassig made the following observation:

> I do not have a file on this matter…It appears to me that the failure of the Deed to reserve minerals was a scrivener's error. From a review of the language in the Deed which references the Land Contract, it seems clear to me that the minerals would not be transferred by the Deed—assuming that somebody looked at the Land Contract. I believe the simplest course of action would be to prepare a Deed for the minerals from Sheila White to the appropriate heirs of Lewis Blake. In the event that Ms. White refuses to sign such a Deed, I believe that a suit to quiet title would resolve the issue.

The court also found that the opinion offered by Mr. Hassig did not support the amended complaint. Mr. Hassig stated he had no files related to the transaction, no specific recollection, and could offer an opinion based only on the face of the documents. Additionally, the court concluded that the deaths of the only two signers of the Deed, and of all the grantors of the Deed, makes any inquiry into the intent of all of the parties at the time of the execution of the Deed impossible.

Despite the court's recognition that a plaintiff ordinarily must be afforded at least one opportunity to amend before dismissal with prejudice was warranted, the court found that further amendment would be futile as the court had previously granted petitioner leave to amend and the amended complaint failed to cure the deficiencies of the original pleading. The court found no set of facts could be proven by clear and convincing evidence that would entitle petitioner to reformation of the deed. Further, because the claim for declaratory relief was wholly dependent on the reformation claim, it likewise failed. Having concluded that the amended complaint failed to state a claim upon which relief could be granted, the court declined to address respondent's alternative laches argument.[3] It is from this order Petitioner now appeals.

Our review is plenary. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc*. 194 W. Va. 770, 461 S.E.2d 516 (1995).

West Virginia remains a notice-pleading jurisdiction. Rule 8(a)(1) of the West Virginia Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In assessing a motion to dismiss under Rule 12(b)(6), a court must accept as true the well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. This Court has emphasized that "[a] court reviewing the sufficiency of a complaint should view the motion to dismiss with disfavor, should presume all of the plaintiff's factual allegations are true, and should construe those facts, and inferences arising from those facts, in the light most favorable to the plaintiff." *Gordon v. Jefferson Cnty Comm'n*, 252 W. Va. 237, --, 921 S.E.2d 692, 699 (Ct. App. 2025) (quoting *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 520, 854 S.E.2d 870, 882 (2020)). Dismissal is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977).

---

[3] Our review is confined to the circuit court's rulings in the April 15, 2025, order, as the motion to dismiss was dispositive. Respondent's alternative argument of laches remains unadjudicated. This decision does not address or affect any claims or defenses raised below but not reached by the circuit court.

With these standards in mind, we consider the issues raised on appeal.

Petitioner asserts three assignments of error on appeal. Upon review, we find it appropriate to consolidate and address those arguments accordingly for the purposes of this appeal. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (per curiam) (stating that "the assignments of error will be consolidated and discussed accordingly"); *Perry v. Ravenscroft*, No. 24-ICA-134, 2024 WL 5002991, at *3 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision) (consolidating and restating petitioner's assignments of error on appeal). First, petitioner argues that the circuit court erred in finding that the complaint failed to state a claim upon which relief could be granted and therefore should be dismissed. Second, petitioner argues that the circuit court erred in determining that the deed in question was unambiguous. We will address each assignment of error in turn.

First, petitioner argues that the amended complaint is adequately pled under notice pleading to establish a claim upon which relief can be granted. Petitioner further asserts that the complaint was more than sufficient, as it contained a short and plain statement with the necessary elements for reformation of a deed. And further, petitioner was not required to produce clear and convincing evidence that the parties did not intend to modify the land contract. Petitioner asserts that the circuit court erred in dismissing the complaint for failure to state a claim. We agree.

"The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl., *Warner v. Kittle*, 167 W. Va. 719, 280 S.E.2d 276 (1981) (per curiam), quoting Syl., *John W. Lodge Distributing Co, Inc. v. Texaco, Inc.*, 161 W. Va. 603, 245 S.E.2d 157 (1978). "Since the preference is to decide cases on their merits, courts presented with a motion to dismiss for failure to state a claim construe the complaint in the light most favorable to the plaintiff, taking all allegations as true." *Sedlock v. Moyle*, 222 W. Va. 547, 550, 668 S.E.2d 176, 179 (2008) (per curiam). To survive a motion under Rule 12(b)(6), "[t]he complaint must set forth enough information to outline the elements of a claim or permit inferences to be drawn that these elements exist." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 521, 854 S.E.2d 870, 883 (2020). "Hence, dismissal under Rule 12(b)(6) is not warranted merely because the pleading fails to state all of the elements of the particular legal theory advanced; instead, the circuit court should examine the allegations as a whole to determine whether they call for relief on any possible theory." *Id*. at 522, 854 S.E.2d at 884.

Here, the amended complaint specifically alleges that the Blakes and Whites entered into a land contract on January 1, 1984, and that once payment was satisfied, the Blakes agreed to convey only the surface of the tract to the Whites. The amended complaint avers

6

that because of a scrivener's error, a mutual mistake of fact occurred entitling reformation of the 1991 deed.

The amended complaint in this case alleges facts which, if proven, would satisfy the elements of the cause of action asserted. The pleading identifies the legal duties at issue, describes the conduct alleged to have breached those duties, and asserts resulting damages. At this stage of the proceedings, that is sufficient.

Although the circuit court's order appears to reflect the view that petitioner ultimately may not prevail on the merits, Rule 12(b)(6) demands a different inquiry. A motion under Rule 12(b)(6) tests the adequacy of the claims and the notice provided by the allegations in the pleading. *See Newton v. Morgantown Mach. & Hydraulics of W. Va., Inc.*, 242 W. Va. 650, 653, 838 S.E.2d 734, 737 (2019) ("[T]he purpose of a motion under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is to test the sufficiency of the complaint."). Where a complaint provides fair notice of the claim and the grounds upon which it rests, dismissal is not appropriate.

Accepting the allegations as true and construing them in petitioner's favor, we cannot say that it appears beyond doubt that petitioner can prove no set of facts entitling relief. If, after discovery, the evidence fails to support the claims, the appropriate remedy lies in a properly supported motion for summary judgment under Rule 56, not in dismissal at the pleading stage.

Next, petitioner argues, as a matter of law and fact, it was error for the court to conclude that the 1991 deed was unambiguous because the language of the deed is inconsistent with the terms of the 1984 land contract. Petitioner asserts that the deed's reference to the land contract raises the question of whether the Blakes intended to convey the entire property, including minerals; therefore, the deed is ambiguous. We disagree.

"Deeds are subject to the principles of interpretation and construction that govern contracts generally." Syl. Pt. 3, *Faith United Methodist Church & Cemetery v. Morgan*, 231 W. Va. 423, 745 S.E.2d 461 (2013). The Supreme Court of Appeals of West Virginia ("SCAWV") found in syllabus point 7 in *Faith* that "[i]t is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them." *Id*. "When a deed expresses the intent of the parties in clear and unambiguous language, a court will apply that language without resort to rules of interpretation or extrinsic evidence." *Gastar Exploration Inc. v. Rine*, 239 W. Va. 792, 798-99, 806 S.E.2d 448, 454-55 (2017). "The mere fact that parties do not agree to the construction of a deed does not alone render it ambiguous." *Id*. at 799, 806 S.E.2d at 455. "Whether a deed is ambiguous is a question of law to be determined by the court." *Id.* "A valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced

according to such intent." Syl. Pt. 1, *Cotiga Development Co. v. United Fuel Gas Co.*, 147 W. Va. 484, 128 S.E.2d 626 (1962). In short, "[a] deed is an instrument executed with formality, and imports full and complete exposure of the intent of the parties. It speaks the final agreement by the clearest and most satisfactory evidence." *Donato v. Kimmins,* 104 W. Va. 200, 204, 139 S.E. 714, 715 (1927).

The first step in the analysis to determine ambiguity is to examine the four corners of the deed, as this is the primary source of the intent of the parties. If it is clear and unambiguous, its plain meaning governs and extrinsic evidence is inadmissible. If, on its face or when applied to the land, the deed is uncertain or doubtful in its meaning, it is ambiguous. The SCAWV has emphasized that "[e]xtrinsic evidence will not be admitted to explain or alter the terms of a written contract which is clear and unambiguous." *Faith United Methodist Church & Cemetery v. Morgan*, 231 W. Va. at 443, 745 S.E.2d at 481 (2013). Moreover, the SCAWV has held that "[i]n the law of contracts, parties may incorporate by reference separate writings together into one agreement. However, a general reference in one writing to another document is not sufficient to incorporate that other document into a final agreement." Syl. Pt. 2, in part, *State ex. rel. U-Haul Co. of West Virginia v. Zakaib*, 232 W. Va. 432, 752 S.E.2d 586 (2013).

Here, based upon our review of the record, we find no error in the circuit court's determination that the 1991 deed is unambiguous. It is undisputed that the 1991 deed expressly provides that the entirety of the parcel is conveyed. No language is included in the deed that reserves or excepts the mineral rights. The language in the 1991 deed, indicating it was "made pursuant to" the 1984 land contract, is insufficient to incorporate the contract by reference and does not in and of itself create ambiguity. Accordingly, we agree with the circuit court's finding that the deed is unambiguous.

For the foregoing reasons, we affirm the circuit court's determination that the 1991 deed is unambiguous, reverse the April 15, 2025, order of the Circuit Court of Wetzel County granting respondent's motion to dismiss, and remand the case for further proceedings consistent with this decision.

Affirmed, in part, Reversed, in part, and Remanded.

**ISSUED:** May 28, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

8